IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

THOMAS LAVIRL SLADE

VS.                                                                  CIVIL ACTION NO. 2:11cv99-KS-MTP

MARGARET BINGHAM

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND GRANTING HABEAS RELIEF FOR LIMITED PURPOSES OF VACATING
PETITIONER'S SENTENCE AS A HABITUAL OFFENDER
AND DIRECTING THE CIRCUIT COURT OF FORREST COUNTY TO AFFORD
PETITIONER A NEW SENTENCING HEARING
WITHIN NINETY DAYS OF THIS DATE</u>

This cause is before the Court on Petition of [1] Thomas L. Slade ("Slade") for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. The Court has considered the pleadings herein, the record of the lower court, the Report and Recommendation of Magistrate Judge Michael T. Parker [26], Objection to the Report and Recommendation by Margaret Bingham [28] and Response to the Objections to the Report and Recommendation filed by Thomas L. Slade, and the Court considering same does hereby find as follows:

I.  PROCEDURAL HISTORY

On or about March 13, 2007, Deputy Clifford Rudder of the Forrest County Sheriff's department encountered Petitioner traveling at a high rate of speed in a black Ford Mustang on Highway 49 in Forrest County, Mississippi. Deputy Rudder recognized Petitioner and gave chase with blue-lights and siren activated. Petitioner fled at a high rate of speed. After multiple officers became involved in the chase, they were able to disable Petitioner's vehicle and force Petitioner to abandon the vehicle. Thereafter, Petitioner fled on foot armed with a .22 caliber rifle taken from a burglarized home. Officers testified that Petitioner threatened them with the

firearm.  Eventually, an officer shot Petitioner, and officers were able to apprehended him. (R. vol. 2 at 133–vol. 3 at 7; vol. 3 at 46-53, 64-65, 78-82.)

Petitioner admitted that he was a felon and that he was in possession of a firearm. Petitioner testified that he fled police because he feared the officers would kill him if they arrested him.  Petitioner testified that he did not burglarize any homes, but admitted that he pawned stolen guns on another person's behalf. (R. vol. 4 at 10, 14-16, 20.)

On August 17, 2007, Petitioner Thomas Slade was convicted of eluding law enforcement officers and possession of a weapon by a convicted felon in the Circuit Court of Forrest County.[1] (R. vol. 1 at 73-74.)  On August 21, 2007, Petitioner was sentenced as a habitual offender to serve two consecutive life sentences. (R. vol. 1 at 77.)

On October 20, 2008, Petitioner, through counsel, appealed his convictions and sentences to the Mississippi Supreme Court based on the following grounds:

1. The Court erred as a matter of law and abused its discretion by refusing to grant Appellant's Motion for a Change of Venue.

2. The Court erred as a mater of law and abused its discretion by refusing to grant Appellant's Motion for Recusal.

3. The Court erred as a matter of law and abused its discretion by denying Appellant's Motion for New Trial or in the alternative, a Judgment Notwithstanding the Verdict.

(R. vol. 5 at 7.)  On September 29, 2009, the Mississippi Court of Appeals affirmed Petitioner's

---

[1] Petitioner was indicted on three counts of burglary, but the state elected to proceed at trial with only one of the burglary charges. (R. vol. 1 at 9-10, 50.)  A mistrial was declared as to the burglary charge. (R. vol. 1 at 73-74.)

convictions and sentences in a written opinion. *See Slade v. State*, 42 So. 3d 25 (Miss. App. 2010), *reh'g denied*, Feb. 23, 2010, *cert. dismissed as improvidently granted*, August 5, 2010.

On August 24, 2010, Petitioner sought leave from the Mississippi Supreme Court to file his motion for post-conviction collateral relief in the trial court in which he asserted the following grounds:

1. The sentences were imposed in violation of the Sixth Amendment to the U.S. Constitution and Article 3, Section Twenty Six of the Mississippi Constitution when Petitioner was denied effective assistance of appellate counsel.

2. The convictions and sentences were imposed in violation of the Sixth Amendment to the U.S. Constitution and Article Three, Section 26 of the Mississippi Constitution when Petitioner was denied effective assistance of trial/sentence proceeding counsel.

3. The sentences were imposed in violation of the Fifth Amendment to the U.S. Constitution and Article Three, Section 14 of the Mississippi Constitution when Petitioner was denied due process at sentencing proceeding.

4. The convictions were obtained in violation of the Fifth Amendment to the U.S. Constitution and Article Three, Section 14 of the Mississippi Constitution when Petitioner was denied due process before trial.

5. Mississippi Code Annotated, Sections 99-19-83 with 97-7-73, the statutes under which Petitioner was sentenced, are unconstitutional.

6. The sentences imposed exceed the maximum authorized by law.

(R. vol. 6 at 116-17.) (emphases omitted).

On November 2, 2010, the Mississippi Supreme Court denied Petitioner's application stating,

> After due consideration, the panel finds that Slade's claims that he received constitutionally ineffective assistance of counsel at trial and on appeal fail to meet both prongs of **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The panel further finds that Slade's claims that he was denied due process before trial and during sentencing are without merit. The panel finds that Slade's claims that the habitual offender statutes are unconstitutional and that his sentences exceeded the maximum allowed by law are also without merit. The panel further finds that Slade has failed to make a substantial showing of the denial of a state or federal right. Miss. Code. Ann. § 99-39-27(5).

(R. vol. 6 at 98.)

Thereafter, Petitioner filed a Petition for Discretionary Appellate Review, which the Mississippi Supreme Court considered as a motion for reconsideration and denied by Order on January 20, 2011. (R. vol. 6 at 66.) Petitioner also filed a Petition for Writ of Habeas Corpus to Vacate Habitual Offender Portion of Sentence, which the Supreme Court considered as an application for post-conviction collateral relief and denied as a procedurally barred successive writ. (R. vol. 6 at 2.)

On April 27, 2011, Petitioner filed the instant Petition for Writ of Habeas Corpus.

Petitioner asserts the following grounds for relief:

1. The trial judge's refusal to recuse himself resulted in a unconscionable miscarriage of justice in the trial and sentencing.

2. The court erred and abused its discretion in denying motion for psychiatric examination resulting in a defendant being put to trial while mentally incompetent, without medication.

3. The trial court's failure to grant a change in venue resulted in appellant not being able to obtain a fair and impartial trial.

4. The trial court's failure to follow proper procedure in determining habitual offender status resulted in appellant being unconstitutionally sentenced under 99-19-83.

5. The ineffectiveness and incompetence of trial and appeal counsel resulted in appellant not being able, due to procedural bars, to obtain direct appeal review of many constitutional violations that prevented him from obtaining a fair trial.

(Brief [15] at 9.)

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.")  Such review means that this Court will examine the entire record and will make an

independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contain ed in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  RESPONDENT'S OBJECTIONS AND ANALYSIS

The only objection to the Report and Recommendation was filed by the Respondent, who filed a partial objection objecting only to the Magistrate Judge's Report and Recommendation granting *habeas* relief based on the fact that the proof was not sufficient to establish that a sentence of life without parole was required pursuant to MCA § 99-19-83.  Therefore, this Court will only address the ground that has been objected to. Slade files no objection to the Report and Recommendation but did file a reply to the objection.

ISSUE: HAS THE STATE ESTABLISHED, BY SUFFICIENT EVIDENCE THAT THE REQUIREMENT OF § 99-19-83 HAVE BEEN MET BY PETITIONER SUCH THAT THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI IS REQUIRED, PURSUANT TO SAID SECTION, TO SENTENCE SLADE TO LIFE WITHOUT PAROLE?

Mississippi law requires that, in order to be sentenced to life without parole as a habitual offender under Mississippi Code § 99-19-83, a criminal defendant must have been convicted:

>    twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and he shall have been sentenced to <u>and served</u> separate terms of one year or more in any state and/or federal penal institution... <u>and</u> where any <u>one of such felonies shall have been a violent crime...</u> (Emphasis added)

The requirements of the habitual statute are very specific.  They are:  (1) On two or more separate charges arising out of separate incidents the offender must have been sentenced to and served separate one year sentences; and (2) that one of the felonies must have been for a crime of violence.

It should be noted that this issue was not raised by the petitioner in the lower court until he filed his rebuttal brief before the Mississippi Court of Appeals. The Court of Appeals did not address this directly because it was not raised in Slade's original filings. Had this been addressed with the Court of Appeals in a proper manner, the Court of Appeals would probably have returned the case to the Circuit Court of Forrest County for completion of the record.

The habitual offender statute is very specific and unless the expressed provisions are complied with, then the Circuit Court is not allowed nor required to sentence the defendant to life without parole.  This Court has looked at the record and has obtained the original state court record and reviewed same.  The Magistrate Judge found that based on the record, the state did not prove all of the requirements of the habitual statute.  This Court recognizes that the defendant admitted that he had been at least twice previously convicted (state court transcript page 344).  He also stated that one of the crimes was strong arm robbery, which is a crime of violence. Id.  The Circuit Judge was handed a copy of a ""pen pack"" from the state penitentiary, which most likely listed the seven (7) prior convictions and sentences that were listed by the Circuit Judge in his

sentencing order.  However, the ""pen pack"" was never received into evidence.  The District Attorney, Mr. Weathers, stated as follows:

> Yes, sir, in the indictment the previous convictions of Mr. Slade are outlined.  We propose to introduce a certified copy of the "pen pack" from the Mississippi Department of Corrections, which reflects the convictions, sentences, and time served.  Having reviewed that, it's the State's position that Mr. Slade has been convicted at least twice previously, has been - - one of those crimes - - at least one of those crimes was the crime of robbery, which is violence in the State of Mississippi.  He served at least one year and a day on each of those charges making him a habitual offender under § 99-19-83.

The "pen pack" was never received into evidence, and is not a part of the state court record.  There is a certified copy of two prior burglary convictions that were received for identification only.  However, the burglary convictions are not crimes of violence, and are not sufficient under § 99-19-83, even though Slade served at least one year on each of them.  This Court has searched the lower court record and finds that it is inadequate to establish and qualify Slade under § 99-19-83 as a habitual offender. It is obvious from the record, the Circuit Judge was looking at a document that was referred to and admitted by Slade on the record. The omission of admitting the document into evidence could have and should have been corrected by the Court of Appeals and this issue put to rest.  However, the Court of Appeals did not get to address this since Slade only brought it up in his rebuttal memorandum.

The respondent's objections strain to establish the facts necessary for the habitual status.  But the fact that the ""pen pack"" was not admitted is not addressed. The objection states that the seven counts qualifying offender for habitual status were outlined in the indictment, but the indictment was not admitted into evidence and is not

evidence.  The fact that the prosecutor proposed to introduce the certified copy of the ""pen pack"" is not sufficient and in view of the gravity of the consequences, this Court finds that *habeas* relief should be granted as to the habitual portion of petitioner's sentence only and that Slade should be returned to the Circuit Court of Forrest County, Mississippi, for resentencing within ninety (90) days of the date of this order.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Bingham's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that *habeas* relief is granted to petitioner Slade as to the habitual offender status of this sentence only and the Circuit Court of Forrest County, Mississippi is to afford Slade a new sentencing hearing within ninety (90) days of this date.  All other relief requested by Slade is denied.

SO ORDERED this, the 14th day of March, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE